IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEWPORT ENTERPRISES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ISYS TECHNOLOGIES, et al.<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00330-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

**I.     INTRODUCTION**

This diversity action was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  Plaintiff is Newport Enterprises ("Newport").  Defendants are: (1) ISYS Technologies ("ISYS"); (2) Coded Instruction Security Corporation ("CISC"); and (3) Jason Sullivan ("Sullivan"), ISYS's chief executive officer.  ISYS, CISC, and Sullivan counterclaimed against Newport.  They also brought third party claims against (1) Kelly Clausius, (2) Jeff Clausius, (3) Randol A. Aldridge, (4) Debby Aldridge, (5) Jimmy Sheffield, and (6) Level 3 Systems.  In turn, Jeff and Kelly Clausius (the "Clausiuses") counterclaimed against ISYS, CISC, and Sullivan.

Before the Court are: (1) a motion to amend the scheduling order stipulated to by Newport, ISYS, CISC, Randol A. Aldridge, and Debby Aldridge; and (2) ISYS, CISC, and Sullivan's motion to compel discovery.  (Docket Nos. 75; 80.)

## II.	BACKGROUND

On October 5, 2011, District Judge David Nuffer issued a scheduling order.  (Dkt. No. 31.) On July 5, 2012, Magistrate Judge Evelyn J. Furse amended the order per the parties' stipulation. (Dkt No. 63.)  Relevant here, Judge Furse amended the fact discovery "[d]ue [d]ate" to August 4, 2012, and the dispositive motion "[d]ue [d]ate" to October 31, 2012.  (Id. at 2.)  On August 4, 2012, ISYS, CISC, and Sullivan served the Clausiuses discovery requests.  (Dkt. No. 80-1.)  On August 29, 2012, the Clausiuses objected to the discovery requests as untimely.  (Id.)  On October 17, 2012, the Clausiuses moved for partial summary judgment.  (Dkt. No. 73.)

## III.	STANDARD OF REVIEW FOR AMENDING SCHEDULING ORDER

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  Strope v. Collins, No. 08-3188, 2009 WL 465073, at *3 (10th Cir. Feb. 25, 2009) (unpublished).

## IV.	ANALYSIS OF MOTION TO AMEND SCHEDULING ORDER

On October 31, 2012, Newport, ISYS, CISC, Sullivan, Randol A. Aldridge, and Debby Aldridge filed a stipulated motion to amend Magistrate Judge Furse's scheduling order.  (Dkt. No. 75.)  They imply an amendment will facilitate the settlement negotiations ongoing "[s]ince the close of discovery" in August 2012.  (Id. at 3.)

The Court finds the parties' explanation insufficient.  Negotiations alone do not justify the parties' request to amend expired deadlines.  (See Dkt. No. 75 at 2-3.) Moreover, the parties fail to explain why they delayed filing this motion for nearly three months after the August fact discovery due date.  Indeed, they waited to file it until the day of the dispositive motion deadline.

Compounding the inadequate explanation, on November 1, 2012, the Clausiuses objected to the motion. (Dkt. No. 76.) They clarify the moving parties never consulted them about it, and the Clausiuses never stipulated to it. (Id. at 2.) They also object to extending "long expired" deadlines upon which they "expended a large amount of attorneys' fees in reliance on . . . ." (Id.)

Specifically, the Clausiuses emphasize they filed a sixty-eight page motion for partial summary judgment based on ISYS's failure to provide a timely damages calculation. (Id. at 4.) They fear reopening the discovery and dispositive motion deadlines to allow ISYS to correct its mistake would undercut the time and money they spent preparing their motion. (Dkt. No. 76 at 2, 4.) See CQ, Inc. v. TXU Mining Co., L.P., 565 F.3d 268, 279-80 (5th Cir. 2009) (prohibiting a party from supplementing new damage theory after discovery closed because the "[l]ater disclosure of damages would have most likely required . . . a new briefing schedule and perhaps re-open[ing] discovery . . . . Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless.") (citation omitted).

Furthermore, the Clausiuses cogently argue amending the deadlines *solely* for the parties who stipulated to the motion may cause trial confusion. (Dkt. No. 76 at 7.) For instance, if the Court extends the discovery deadlines between ISYS and Newport, "ISYS may create a damage model for its counterclaims against Newport." (Id.) When the jury views this damage model, it "might presume it is equally applicable against the Clausiuses" because ISYS brought nearly "identical" counterclaims against Newport and the Clausiuses. (Id.)

Given the moving parties' inadequate explanation for seeking amendment, and the Clausiuses' persuasive objection, the Court finds a lack of good cause to amend the scheduling order. As such, it **DENIES** the motion to amend the scheduling order. (Dkt. No. 75.)

## V. STANDARD OF REVIEW FOR COMPELLING DISCOVERY

If a party fails to provide discovery responses, the party requesting the discovery may move to compel it. Fed. R. Civ. P. 37(a).

## VI. ANALYSIS OF MOTION TO COMPEL

On December 6, 2012, ISYS, CISC, and Sullivan moved to compel the Clausiuses to respond to their August 4, 2012 discovery requests. (Dkt. No. 80.) The moving parties do not explain why they waited to file this motion for four months after the August 4, 2012 discovery due date (Dkt. No. 63 at 3), and for three months after the Clausiuses objected to the requests. (Dkt. No. 80-1.)[1]

Instead, ISYS, CISC, and Sullivan argue they "duly served" the discovery requests "in the time allowed by the Court . . . ." (Dkt. No. 77 at 2.) That is, they interpret Judge Furse's scheduling order (Dkt. No. 63) to mean that they had to *serve* their discovery requests by August 4, 2012, not that discovery had to be *completed* by August 4, 2012. (Dkt. No. 77 at 2.) As such, they feel frustrated by the Clausiuses' failure to provide "substantive responses to the discovery requests." (Dkt. No. 80 at 2.)

The Clausiuses oppose the motion to compel. (Dkt. No. 85.) They interpret the August 4, 2012 date in Magistrate Judge Furse's order to mean that discovery had to be completed by that date. (Id. at 1-2.) Therefore, they argue the August 4, 2012 discovery requests are untimely, and the motion to compel should be denied. (Id.)

The August 4, 2012 discovery requests include thirty-eight requests for admission, nineteen interrogatories, and nineteen document production requests. The Federal Rules of Civil

---

[1] Indeed, the moving parties fail to explain why they needed until August 4, 2012 to prepare discovery requests where District Judge Nuffer originally set the discovery deadline in October 2011. (Dkt. No. 31 at 2.)

Procedure allow a party thirty days to respond to such requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). However, "[a] shorter or longer time may be *stipulated* to under Rule 29 *or* be *ordered* by the court." Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3) (emphasis added).

In this instance, the parties stipulated to amend the fact discovery deadline to August 4, 2012. (Dkt. Nos. 54; 62; 63.) However, the parties now disagree about how to interpret the deadline. Therefore, their stipulation does not resolve the inquiry.

Nevertheless, ISYS, CISC, and Sullivan argue that Magistrate Judge Furse's July 5, 2012 scheduling order amended the statutory thirty day requirement because it "extended the ability to seek fact discovery *until* August 4, 2012." (Dkt. No. 86 at 2) (emphasis added). However, Judge Furse's scheduling order, which she adopted per the parties' stipulation, does not indicate this. It simply lists August 4, 2012 as the fact discovery "[d]ue [d]ate." (Dkt. No. 63 at 3.) If ISYS, CISC, and Sullivan served their discovery requests on July 5, 2012, the Clausiuses would have had the statutory thirty days to respond before the August 4, 2012 deadline.

Additionally, the history behind the scheduling order cuts against the moving parties' argument. On October 5, 2011, Judge Nuffer ordered fact discovery "to be completed by" May 4, 2012. (Dkt. No. 31 at 2.) On May 31, 2012, the parties filed a stipulated motion to amend the scheduling order. (Dkt. No. 54.) Regarding the fact discovery deadline, they sought to amend May 4, 2012, the "[p]revious date," with August 4, 2012 as the "[n]ew date." (Id. at 2.) On July 5, 2012, Judge Furse granted the parties' stipulated motion, and adopted August 4, 2012 as the fact discovery date. (Dkt. No. 63 at 2.) This all suggests that August 4, 2012 simply replaced the May 4, 2012 fact discovery deadline by which discovery had to be completed.

Given the aforementioned circumstances, the Court finds Magistrate Judge Furse's scheduling order gave the parties until August 4, 2012 to complete all discovery. As such, the

moving parties' decision to wait until the discovery deadline to serve the Clausiuses seventy-six discovery requests was untimely. See Thomas v. Pacificorp, 324 F.3d 1176, 1179 (10th Cir. 2003) (deeming discovery requests served two days after the "discovery deadline" untimely, and noting they would have been untimely even if served *on* the discovery deadline, because this would have deprived the responding parties of their thirty day response period); Burns v. Holcombe, No. CIV-11-240-JHP, 2012 WL 1673893, at *1 (E.D. Okla. May 14, 2012 ) (citing Thomas to deny motion to compel to party who untimely served discovery requests twenty days *before* the discovery deadline).

Based on the analysis above, the Court **DENIES** ISYS, CISC, and Sullivan's motion to compel. (Dkt. No. 80.) Their August 4, 2012 discovery requests to the Clausiuses were untimely. They also failed to exercise due diligence where they waited four months after the discovery cut-off, and three months after receiving the Clausiuses' objections, to file this motion.

## VII.   ORDERS

For the reasons above, the Court issues the following **ORDERS**:

The motion to amend the scheduling order stipulated to by Newport, ISYS, CISC, Sullivan, Randol A. Aldridge, and Debby Aldridge is **DENIED**. (Dkt. No. 75.)

ISYS, CISC, and Sullivan's motion to compel discovery is **DENIED**. (Docket No. 80.)

Dated this 12th day of March, 2013.[2]

Dustin B. Pead
United States Magistrate Judge

---

[2] On January 24, 2013, District Judge Robert J. Shelby vacated the March 19, 2013 final pretrial conference, and the April 1, 2013 jury trial. His notice states "[f]urther dates and deadlines will be set, if necessary, following" the March 28, 2013 partial summary judgment hearing. As such, this Court's decision is subject to future needs that may arise from the March 28, 2013 hearing.